UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHANDLER** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 20-226** |
| | * | |
| **VALARIS, PLC, ET AL.** | * | **SECTION "L" (2)** |
| | * | |

## ORDER AND REASONS

Before the Court is defendant Halliburton's Motion for Partial Summary Judgment, R. Doc. 57. Plaintiff filed an opposition, R. Doc. 61, to which Halliburton filed a reply, R. Doc. 68. Both parties also filed supplemental replies, R. Docs. 84 and 86. Having considered the briefing and the applicable law, the Court now rules as follows.

I.  BACKGROUND

This case arises from injuries that Plaintiff Cody Chandler allegedly sustained while employed by Defendant Offshore Drilling Services LLC ("Offshore Drilling," incorrectly named as Valaris, PLC) as a Jones Act Seaman assigned to the VALARIS RIG 8505 (the "Valaris Rig"). R. Doc. 1 at 1. Plaintiff, who was 25 years old at the time of the incident, alleges that on August 13, 2019, he suffered injuries to his right arm, abdomen, right foot, and other body parts while working aboard the vessel. *Id.* at 2. Plaintiff alleges that these injuries were caused by a fifty-pound cement head that fell approximately thirty feet, striking him on his chest and foot. *Id.* at 3. Plaintiff further alleges that Defendant Halliburton Energy Services, Inc. ("Halliburton") was working as the cementing crew at the time of the incident.

1

Plaintiff contends that his injuries were due to the negligence of Offshore Drilling and Halliburton and the unseaworthiness of the vessels involved. *Id.* Plaintiff seeks damages for (1) past, present, and future physical, mental, and emotional pain and suffering; (2) past, present, and future loss of wages, fringe benefits, and earning capacity; (3) past and future physical disability; and (4) past, present, and future medical expenses. *Id.* at 3–4. Plaintiff also seeks past, present, and future maintenance and cure from Offshore Drilling. *Id.* at 4.

In its Answer, Offshore Drilling denies Plaintiff's allegations and asserts numerous defenses, including: (1) Plaintiff's complaint fails to state a claim upon which relief can be granted; (2) if Plaintiff was injured aboard the Valaris Rig, it was due to his own negligence; (3) if Plaintiff was injured aboard the Valaris Rig, it was due to the fault or negligence of others; (4) Plaintiff's injuries are the result of incidents that occurred before or after August 13, 2019; (5) Plaintiff has failed to mitigate his damages; (6) Plaintiff assumed ordinary risks; (7) Offshore Drilling is entitled to limitation of liability; (8) the rig was seaworthy; and (9) Offshore Drilling is not liable to Plaintiff due to the doctrines of waiver, estoppel or negation, unclean hands, and impossibility. R. Doc. 5.

Similarly, Halliburton denies Plaintiff's allegations and asserts defenses including: (1) Plaintiff fails to state a claim upon which relief can be granted; (2) Plaintiff's own negligence caused or contributed to his injuries; (3) Plaintiff failed to exercise ordinary care; (4) Plaintiff's injuries were caused by unforeseeable acts or omissions of third parties; (5) Plaintiff's injuries were caused by an unavoidable accident, *force majeure*, or Act of God; (6) Plaintiff has failed to mitigate his damages; (7) Plaintiff's claims are barred by statute of limitations; and (7) Plaintiff' voluntarily assumed the risks. R. Doc. 7.

**II.     PRESENT MOTION**

Halliburton seeks summary judgment on Plaintiff's claims for damages based on a four-wheeler accident that allegedly occurred in December 2019, more than three months after Plaintiff allegedly sustained his initial injuries while onboard the Valaris Rig. R. Doc. 57. Halliburton argues that Plaintiff's alleged injuries from the second accident, including a hip injury, are not related to the offshore accident and that Halliburton cannot be held liable for the newer injuries.

Plaintiff opposes the motion, arguing that the second accident would not have happened but for his toe injury from the first accident and that a genuine dispute remains as to whether Halliburton may be liable for his injuries from the second accident. R. Doc. 61.

### III.     APPLICABLE LAW

#### a. *Summary Judgment Standard*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* The moving party bears the burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.

"A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir.

3

1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When ruling on a motion for summary judgment, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Moreover, the court must assess the evidence and "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). However, "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence" are not sufficient to show a genuine dispute of material fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### b. *Negligence Under General Maritime Law and Louisiana Law*

The parties agree that Plaintiff's claims against Halliburton based on the August 2019 offshore incident are governed by the negligence principles of general maritime law. In a negligence claim under general maritime law, a plaintiff "must demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by [the] plaintiff, and a causal connection between [the] defendant's conduct and the plaintiff's injury." *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991); *see also In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 211 (5th Cir. 2010). Additionally, "[u]nder general maritime law, a party's negligence is actionable only if it is a 'legal cause' of the plaintiff's injuries." *Donaghey v. Ocean Drilling & Expl. Co.*, 974 F.2d 646, 649 (5th Cir. 1992). "Legal cause" means "something more than 'but for' causation, and the negligence must be a 'substantial factor' in the injury." *Id.* (quoting *Thomas v. Express Boat Co.*, 759 F.2d 444, 448 (5th Cir. 1985)). "Substantial factor," again, simply means more than but-for causation, and "[t]he gist of it is that some responsibility

for the effect must accompany the cause." *Chisholm v. Sabine Towing & Transp. Co.*, 679 F.2d 60, 63 (5th Cir. 1982).

As for Plaintiff's claims based on the December 2019 four-wheeler accident, Halliburton argues that they are governed by Louisiana negligence law because they arise from a separate incident that occurred in Louisiana, while Plaintiff argues that they are governed by general maritime law because they relate to the initial offshore incident. Under Louisiana law, a plaintiff claiming negligence must prove:

> (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was the legal cause of the plaintiff's injuries (the scope of protection element); and (5) actual damages (the damages element).

*Westchester Fire Ins. Co. v. Haspel-Kansas Inv. P'ship*, 342 F.3d 416, 419 (5th Cir. 2003) (citing *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 816 So. 2d 270, 275–76 (La. 2002)). The third element, "cause-in-fact," generally refers to but-for causation, but when there are possible "concurrent causes" of an accident, "the proper inquiry is whether the conduct under consideration was a substantial factor in bringing about the accident." *Boykin v. Louisiana Transit Co.*, 96-1932 (La. 3/4/98), 707 So. 2d 1225, 1230 n.10; *see also In re W. Feliciana Acquisition, L.L.C.*, 744 F.3d 352, 360 (5th Cir. 2014). Here, "substantial factor" means "the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm" and played a sufficiently "important part . . . in producing the result that responsibility should be imposed . . . ". *In re W. Feliciana Acquisition*, 744 F.3d at 360. The fourth element, "legal cause," depends on whether "the risk and harm encountered by the plaintiff fall within the scope of protection of the [duty]" such that "the harm which befell the plaintiff [is] easily

associated with the type of conduct engaged in by the defendant." *Tredick v. Ekugbere*, No. CV 17-103-JWD-RLB, 2018 WL 5504157, at *4 (M.D. La. Oct. 29, 2018) (quoting *Roberts v. Benoit*, 605 So. 2d 1032, 1052-54 (La. 1992)).

### c. *Intervening and Superseding Causes*

Halliburton argues that the doctrine of superseding causes applies under both general maritime law and Louisiana law. Under general maritime law, the superseding cause doctrine applies "when a defendant's negligence substantially contributes to the plaintiff's injury in fact, 'but the injury was actually brought about by a later cause of independent origin that was not foreseeable.'" *Tidewater Marine, Inc. v. Sanco Int'l, Inc.*, 113 F. Supp. 2d 987, 998 (E.D. La. 2000) (quoting *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 837 (1996)). A superseding cause "absolve[s] the initial wrongdoer of liability for all of the [plaintiff's] damages" only if "the subsequent negligence of the third party [was] so extraordinary that a reasonably prudent person could not have foreseen its occurrence." *Id.* at 999. An intervening act by a third person will not constitute a superseding cause to absolve the original actor of liability if "(a) the [original] actor at the time of the negligent conduct should have realized that a third person might so act"; "(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted"; or "(c) the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent." *Id.* Under Louisiana's version of the superseding cause doctrine, "a tortfeasor is not liable for damages brought about by a later, separate, independent, intervening cause, even though the tortfeasor's conduct may have created the original peril." *Ford v. Pennzoil*, 974 F. Supp. 559, 566 (E.D. La. 1997), *aff'd*, 200 F.3d 816 (5th Cir. 1999).

### IV. DISCUSSION

Halliburton argues that Plaintiff cannot show that Halliburton is liable for his injuries from the four-wheeler accident in December 2019 because this accident was unrelated to the initial offshore accident. Halliburton asserts that Plaintiff's alleged toe injury from the offshore accident had fully healed by the time of the second accident, according to Plaintiff's own statement to his doctor. R. Doc. 57-1 at 4-5. Halliburton further argues that any duty Halliburton owed Plaintiff to prevent the first accident does not extend to the second accident, which was a separate, superseding cause of Plaintiff's alleged hip injury. *Id.* at 12. On the other hand, Plaintiff argues that the second accident would not have happened but for his toe injury from the first accident, because Plaintiff's toe pain impaired his ability to operate the four-wheeler. R. Doc. 61 at 3, 5-6. Plaintiff also asserts that one of his doctors has opined that his injuries from the second accident were caused by his injuries from the first accident. *Id.* at 10.

Though it is a close question, the Court finds that there remains a genuine dispute as to whether Plaintiff's alleged injuries from the second accident are related to his injuries from the first accident, precluding summary judgment. Under any version of the applicable law, this question depends on factual issues to be decided at trial. Under general maritime law, the question remains whether Halliburton's negligence, which allegedly caused Plaintiff's toe injury, was a "substantial factor" in causing the second accident. *Chisholm*, 679 F.2d at 63. Similarly, under Louisiana negligence law, the question is whether Halliburton's negligence, and the toe injury it allegedly caused, was a "substantial factor" in causing the second accident, meaning that it played such an important part in causing the injury that it makes sense to impose responsibility on Halliburton. *In re W. Feliciana Acquisition*, 744 F.3d at 360. Both of these questions require the factfinder to determine whether Halliburton's negligence was a substantial factor, and their fact-dependent nature makes these questions inappropriate for summary judgment. This is especially

7

true given the parties' differing views and contradictory evidence on whether Plaintiff's toe injury from the first accident had healed by the time of the second accident.

Further, the question of whether there was a superseding cause of the second accident that absolves Halliburton of liability is also fact-dependent. Under general maritime law, this question depends on whether "the injury was actually brought about by a later cause of independent origin that was not foreseeable." *Tidewater Marine*, 113 F. Supp. 2d at 998. The issues of whether the origin of the second accident was "independent" or related to Plaintiff's injuries from the first accident and whether the second accident may have been foreseeable to Halliburton both depend on the court's view of the facts, which must be developed at trial. Similarly, under Louisiana law, the question is whether "a reasonably prudent person could . . . have foreseen [the] occurrence" of the second accident or whether "the intervening act [was] a normal consequence of a situation created by the actor's conduct" and was not done in an extraordinarily negligent manner. *Tidewater Marine*, 113 F. Supp. 2d at 999. Again, these determinations depend on the Court's view of the facts, which remains incomplete at this stage. Accordingly, summary judgment is not appropriate. However, the Court recognizes that the questions raised by Halliburton's motion are close calls and leaves open the possibility of reviewing these issues upon a Rule 50 motion at trial.

V. **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Halliburton's Motion for Partial Summary Judgment, R. Doc. 57, is **DENIED**.

New Orleans, Louisiana, this 14th day of March, 2022.

_____
UNITED STATES DISTRICT JUDGE